**ROBBINS et, Plaintiff-Appellees, v. JONES et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21654.   Decided December 5, 1949.

A. W. Lowenthal, Cleveland, for plaintiff-appellees.
Martin & Martin, Cleveland, for defendants-appellants.

**OPINION**

By SKEEL, J.

This appeal comes to this court on questions of law from a default judgment entered for the plaintiffs in the Municipal Court of Cleveland. The plaintiff filed his petition in which he asked, in his first cause of action, for the recovery of real property as described therein.

The second cause of action alleged that the parties, on the 10th day of February, 1948, entered into a land contract whereby the defendants purchased the property described in the first cause of action under said contract for $9,500.00, fifteen hundred dollars being paid plaintiffs upon the execution of the contract and the defendants agreeing to pay $100.00 per month thereafter until the balance due the plaintiffs was reduced to $6,300.00, at which time a warranty deed would be delivered upon the defendants securing such balance by mortgage as the first and best lien on said property.

The plaintiff further alleges that the defendants paid a total of $1,656.00 and no more and at the time of bringing this action were in default for five monthly payments and that the balance due as of December 15, 1948 was $7,844.09 with interest at 6% from that date. The plaintiffs then allege that defendants having refused and failed to meet the terms of the contract they, the plaintiffs, declared the land contract forfeited. The contract provided in part:

"In case default shall be made by the Party of the Second Part, in any of the conditions above stipulated to be performed by them, it shall and will be lawful for the Party of the First Part, if they so elect, to treat this contract as thenceforth void, and to re-enter upon said premises at anytime after such default without serving on the Party of the Second Part, or any person holding under them, a notice to quit said land; and in this contract shall be so treated as thenceforth void, the Party of the Second Part, or those claiming under them, shall thenceforth be deemed a mere tenant at will under said Party of the First Part, and be liable to be proceeded against without notice to quit, under the provisions of the law regulating proceedings in cases of forcible detainer; and the Party of the First Part, in such case, shall be at liberty to sell the land and premises to any person whatsoever, without being liable in law or in equity to the Party of the Second Part or any person claiming under them for any damages in consequence of such sale or to return any

payments made on account of or under this contract, and the payments that shall have been made may be retained by the Party of the First Part as stipulated damages for the non-performance of this contract on the part of the Party of the Second Part."

The plaintiffs then pray that the land contract be found to be forfeited and for cancellation thereof and that the plaintiffs may retain the sums paid by the defendants and that the defendants be enjoined and restrained from preventing plaintiffs from taking possession of the premises and that they may have judgment for costs.

The plaintiffs filed said petition May 27, 1949. Whereupon the court issued a summons returnable May 31, 1949 as provided by the rules of said court and the summons was left at the defendants' place of residence on May 28, 1949.

On the back of the summons directly under the caption of the case appears the following:

"Summons in action for recovery of real property and cancellation of land contract and equitable relief."

The body of the summons provided as follows:

"THE STATE OF OHIO)              To The Bailiff
   County of Cuyahoga)  ss         of
     City of Cleveland)  Municipal Court of Cleveland:

You are commanded to notify Luther Jones and Mary E. Jones, 1942 East 59th Street, that they have been sued by Joseph Robbins, Abe Robbins, Inc., in the Municipal Court of Cleveland and that unless they appear in Court Room No. 10 of said Court (No. 301 City Hall) on the 6 day of June, A. D., 1949, at 9 o'clock A. M. to answer unto the plaintiff in an action for RECOVERY OF POSSESSION of the following described premises to-wit: Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as 1942 East 59th Street the petition of the said plaintiff against them filed in the Clerk's office of said Court will be taken as true and judgment rendered accordingly.

The Bailiff will make due return of this summons on the 31 day of May A. D. 1949.

WITNESS, William J. Reichle, Clerk of said Court and the seal thereof at the City of Cleveland this 27 day of May A. D. 1949

> William J. Reichle, Clerk
> By J. Mirsky, Deputy Clerk."

The defendants did not appear in court room 10 of the Municipal Court of Cleveland at 9 o'clock A. M. on June 6, which was five days after the return day. Thereupon the court made the following entry on said June 6, 1949:

"Case called, plaintiff in court, defendant not, trial had, the court finds that the plaintiff has a legal estate in and is entitled to the immediate possession of the property described in the petition, judgment for same and for costs of this proceeding is hereby rendered against defendant. Judgment on second cause of action O. S. J."

On June 16, a journal entry was entered upon the journal of said court approved by the trial judge, which journal entry declared a cancellation of the land contract, the right of the plaintiff to retain the sum paid, to-wit, $1,665.00, but no judgment was entered therefor either as damages or otherwise, the journal entry providing that the plaintiffs were entitled to retain said funds and should not be liable to the defendants therefor. The journal entry further provided that the defendants should quit claim any interest they may have by reason of said contract to the plaintiffs within ten days and upon failure so to do, the decree should operate as such conveyance. The defendants were further ordered to deliver possession and title to the plaintiffs and were enjoined from setting up any claim to the property or any part thereof adverse to the plaintiffs.

The defendants' assignment of errors are as follows:

1. That the court erred in failing to have the demanded premises appraised and the first cause of action removed to the court of common pleas of Cuyahoga County for further proceedings and for trial;

2. That the court erred in rendering judgment on the second cause of action on the 6 day after the return day for summons.

The first assignment of error is based upon §1579-16 and 1579-17 GC. The first of these sections provide that whenever the appraised value of property sought to be recovered

in any action in the municipal court of Cleveland exceeds $2,500.00, the court shall certify the case to the common pleas court. The second section provides how and by whom such property shall be appraised.

An examination of the record does not disclose that there was an appraisal of the property. The appraised value not being a matter disclosed by the record of the case, we are unable to determine whether or not the foregoing sections are applicable and for that reason the first assignment of error is overruled.

The second assignment of error requires an examination into §1579-6 GC, paragraphs 3 and 10, and rules 2, 11 and 13 of the Municipal Court of Cleveland.

**Sec. 1579-6 GC** provides in part:

"The Municipal Court shall have original civil jurisdiction within the limits of the City of Cleveland in the following cases * * *."

"3. In all actions on contracts, express or implied in law or in fact, when the amount claimed by the plaintiff does not exceed five thousand dollars, and in such actions judgment may be rendered for over five thousand dollars when the excess over five thousand dollars shall consist of interest or damages or costs accrued after the commencement of the action. When a cause arising out of contract is pending in the municipal court and the ends of justice demand that an account be taken or that the contract or contracts, be reformed or cancelled, the municipal court shall have jurisdiction to decree such accounting, reformation or cancellation. * * *

10. In all actions for the recovery of real property situated within the city of Cleveland to the same extent as courts of common pleas may now or hereafter be given jurisdiction."

The rules which are here under consideration provide as follows:

Rule 2: "All civil actions in this court are hereby divided into the following classes:
First-class cases—
(1) All actions for the recovery of money only, whether in contract or tort, wherein the amount sought to be recovered exceeds one hundred dollars ($100.00) exclusive of interest and costs.

(2) All actions and proceedings equitable in their nature, including:

(a) The marshaling of liens;

(b) Creditors bills and aid of execution proceedings in all cases except upon judgments rendered in the Conciliation Branch of the court;

(c) Foreclosure of chattel mortgages or other liens upon personal property;

(d) Actions and proceedings for the sale of real property to enforce a judgment of the municipal court, or a lien for material and labor, or a lien of a mortgage on real property situated within the limits of the city of Cleveland;

(e) Interpleaders;

(f) Other actions and proceedings not expressly classified as first or second class cases;

Second-class cases:—

(1) All actions for the recovery of money only, whether in contract or tort, wherein the amount sought to be recovered does not exceed one hundred ($100.00) dollars exclusive of interest and costs.

(2) All actions and proceedings for the recovery of personal property, together with damages for the wrongful detention thereof;

(3) Actions for the recovery of real property, together with damages and forcible entry and detainer;

The classifications of a case shall not change in any of its stages except as above provided with reference to creditors' bills and aid of execution proceedings."

Rule 11: "The return of the summons by the bailiff, or sheriff, must be made at the time named in the writ, which must be two (2) days from the date of said writ, except in actions for the recovery of personal property, and as otherwise provided in Paragraph 5 of Rule 8:

In all cases in which an answer is required, the rule day within which the answer, motion or demurrer must be filed shall be the fourteenth (14th) day after the return day of the summons, except as hereinafter provided.

* * *

In all cases in which answers are not required, the rule day for the defendant to appear shall be the fifth day after the return date of summons at nine o'clock A. M. Cleveland official time, excepting in replevin cases in which the appearance day shall be the seventh day after the date of summons. Rule 13 in part provides that * * * the defendant on or before

the rule day may file an answer and cross-petition or set off as the case may be, setting forth his defense provided, however, that in all cases for an amount not exceeding $100.00, exclusive of interest and costs and all actions for the recovery of real or personal property and actions for forcible entry and detainer or detention alone of real property, the defendant shall not be required to file as answer unless he seeks permanent relief and provided further that on motion of the plaintiff and for good cause shown, the court may require the defendant to file an answer in any action * * *."

From the foregoing statutes and rules and the allegations and relief prayed for, it is clear that the plaintiffs' first cause of action, if it stood alone, would be a second class case upon which, if the defendants did not appear, a default judgment could be taken five days after the return day, no answer being required. The second cause of action under the rule is a first class case, requiring an answer and the rule day is the 14th day after the return day.

The record discloses that the body of the summons made no reference to the plaintiffs' second cause of action so it must be assumed that it was intended that the rule with regard to call day for both causes of action was controlled by the first cause of action. This must be so because judgment by default was entered on both causes of action on the fifth day after the return day.

There can only be one rule day in a single case. Where a petition is filed containing two causes of action one of which, because of the subject matter presented, comes under the designation of a second class case and the other for like reason is designated as a first class case, the rule day applicable to first class cases must be applied to both causes of action. The court is therefore without power to enter a default judgment against the defendant on either or both causes of action until the 14th day after the return day which is the rule day provided for first class cases. The entering of a default judgment on both causes of action on the 5th day after the return day, which is the rule day for second class cases, constituted prejudicial error.

The judgment is therefore, for that reason, reversed and cause remanded for further proceedings according to law. Exc. Order see journal.

McNAMEE, J, HURD, J, concur.