PUBLIC FINANCE CORPORATION OF WARREN No. 5, PLAINTIFF-APPELLEE, *v.* GUNTHER ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Trumbull County.

No. 1532. Decided December 14, 1962.

Mr. *Morris Mendelssohn*, for plaintiff-appellee.
Mr. *William R. Hewitt*, for defendants-appellants.

FRANCE, J. On July 29, 1961, plaintiff filed petition in Warren Municipal Court, claiming from defendants $274.35 with interest. Summons was issued to the bailiff on July 31, 1961, and made returnable August 11, 1961. By terms of the summons defendants were required to answer or suffer default by 9:00 A. M. August 11, 1961. The case was called, and defendants found in default on August 11, 1961; journal entry of judgment for plaintiff was filed August 22, 1961. On September 3, 1961, proceedings in aid of execution were instituted.

Defendants appeared for the first time on September 9,

1961, and by counsel filed motion to vacate the judgment. This motion was on March 5, 1962, overruled, resulting in this appeal.

The two assignments of error urged are, in essence, the same: that the judgment entered was void because entered before answer day as fixed by Section 2309.41, Revised Code, and since judgment was void for this reason, the trial court erred in refusing to vacate it.

In the absence of other statutory provision governing return of summons and the filing of answer to avoid default, the return day of summons is fixed at the second Monday after its date (Section 2703.05, Revised Code), and the answer date at the third Saturday thereafter (Section 2309.41, Revised Code). For actions in Common Pleas Court this would fix the return date of the summons at August 14, 1961, and the answer or default day at September 2, 1961.

Section 1901.21, Revised Code, governing Municipal Courts, provides:—

"In any civil case * * * if no special provision is made in Sections 1901.01 to 1901.38, Revised Code * * * the practice and procedure shall be the same as in Courts of Common Pleas."

Concededly therefore, unless the Uniform Municipal Court Act (Chapter 1901, Revised Code), authorizes a different return date *and* a different rule date, the entry of judgment was improper and the motion to vacate should have been granted. *Williamson* v. *Nicklin*, 34 Ohio St., 123. See *Robbins* v. *Jones* (Eighth District), 56 Ohio Law Abs., 111, 90 N. E. (2d), 696.

In such cases the Uniform Municipal Court Act provides (Section 1901.22 [A], Revised Code):—

"The return day shall be fixed by rule of court and the summons or writ shall * * * be served at least three days before the time of appearance."

It is thus obvious that the period allowed the bailiff to serve summons and make his return may, by rule, be cut below that allowed by the statute in Common Pleas Court practice. The quoted provision above is not specific as to authority to reduce the answer or default period by rule. However, the provision that at least three days must be allowed between service and

default would be surplusage if the legislative intent were not that the individual courts should have power, by rule, to set answer and default dates otherwise than as specified in Section 2309.41, Revised Code. See Crawford, Statutory Construction 347, 348. The statutory authority to set answer days by rule is logically within the provisions of Section 1901.14 (B), Revised Code, which grants power to adopt and revise rules for regulation of practice and procedure in the respective courts. Under the former individual municipal court acts (Sections 1558-1 to 1579-1553, General Code), power to set answer dates by rule was regularly granted to each court, and this grant sustained in *Robbins* v. *Jones*, 56 Ohio Law Abs., 111, 90 N. E. (2d), 696, although general rule making power was not granted. Upon the adoption of the Uniform Act, the special provisions for setting answer dates by rule was not inserted but the general power to regulate practice and procedure was adopted in its place.

In referring to the rules of Warren Municipal Court, we find that no attempt has been made to exercise the rule making power with respect to setting any default dates, although such power has been exercised by many municipal courts including all thirteen municipal courts in Cuyahoga County under uniform rules promulgated by them January 16, 1961.

With respect to exercise of the power to fix return dates at variance with the statutory provisions we find that Warren Municipal Court's Rule XI, in effect at the time of the institution of the within action was as follows:—

"The return days of summons shall be as follows:

"1. In all cases in which the amount sued for does not exceed the sum of $300.00 the return day of summons shall be the same as under Justice of Peace procedure.

"2. In all cases in which the amount sued for exceeds $300.00 the return day of summons shall be the same as the Common Pleas Court procedure.

"3. In all cases in which Justices of the Peace now have or may hereafter be given jurisdiction, the return day of summons shall be the same as under Justice of the Peace procedure."

It will be noted that in the first sub-division of the rule reference was particularly made to procedure of the Justices

of the Peace, that no attempt was made to conform the rule to the creation of the new county courts in 1957, and that in particular no effort whatsoever was made to revise the rule when the County Judges themselves were given the power to fix return dates by rule of Court in 1959 (Section 1911.011, Revised Code). Under such circumstances the effectiveness of Rule XI of the Warren Municipal Court disappeared either in 1957 or 1959 and it maintained only historical significance as of the date of filing here in question.

Finding that no provision has been made by rule of Warren Municipal Court either for the service and return of summons or the fixing of answer and default dates other than as provided in Sections 2703.05 and 2309.41, Revised Code, it becomes apparent that notwithstanding the recitation of the date August 11, 1961, on the summons, the earliest default date for the defendant in the within case was September 2, 1961. Consequently judgment in the trial court was prematurely taken, and the motion to vacate the same should have been sustained.

Judgment of the Warren Municipal Court is reversed and the cause remanded for further proceedings in accordance with law.

BROWN, P. J., DONAHUE, J., concur.